## JOSEPH PETERS FURNITURE COMPANY, ET AL. VS. H. M. DICKEY.

### IN SUPREME COURT, TYLER TERM, 1884.

*Attachment—Fraud.*—A subsequent attaching creditor may intervene in a suit of a previous attaching creditor against the same defendant, and impeach the validity of the previous attachment on the ground of fraud,

Appeal from Wise county.

When this case was called in the court below, Appellee Dickey,

who was the plaintiff in the suit of Dickey vs. Young, presented a general demurrer and special exceptions. The general demurrrer and two special exceptions,the second and fifth, were sustained.

The second of the special exceptions is as follows: "The amended plea of intervention discloses the fact that at the time of the institution of the original suit of H. M. Dickey vs. J. W. Young, on the 6th day of January, 1883, said intervenors were only and simply contract creditors of said J. W. Young, without making or claiming any interest in or to the subject matter of the suit, or any interest in or lien upon the property therein attached, and wholly fails to show any interest in the subject matter of the suit liable to be affected by the judgment which might be rendered in the suit of H. M. Dickey vs. J. W. Young."

The fifth exception is to the effect that as the property attached in the suit of Dickey vs. Young had been sold and the proceeds paid into court, the intervenors having no interest in or lien on the property at the date of the original suit, could not now interpose and question the plaintiff's right to the proceeds of the same.

It will be perceived that the point made by both of the exceptions is that at the date of the filing of the plaintiff's suit against Young, the intervenor had no interest in, or lien upon, the goods attached in that suit.

This raises the question whether a subsequent attaching creditor can intervene in the suit of a previous attaching creditor against the same defendant, and impeach the validity of the previous attachment on the ground of fraud.

It seems to be well settled that he cannot intervene and avail himself of mere irregularities in the proceedings. (Drake on Attachments, 5 ed. sec. 262.)

In section 273 the same author remarks that "whatever irregularities may exist in the proceedings of an attaching creditor other attaching creditors cannot make themselves parties to those proceedings for the purpose of defeating them on that account. But when an attachment is based on a fraudulent demand, or one which had in fact no existence, the case is otherwise."

The case of Peiser & Co. vs. Peticolas (50 Texas, 638) is somewhat in point. There Peticolas brought suit against Carpenter upon a note and mortgage and sequestered property. Pending that suit Peiser & Co. obtained judgment against Carpenter. They had an

execution issued and levied on the same property, and intervened in the suit between Peticolas and Carpenter, asserting that as to them the mortgage was fraudulent. The supreme court sustained the proceeding.

The further history of that case seems to dispose of the fifth special exception of the plaintiff below in the present case. When that case was sent back for a new trial, it appears that pending the appeal the sequestered property had been sold and the proceeds paid over to Peticolas. The court followed the proceeds into his hands and rendered a personal judgment against him in favor of the intervenors. This was affirmed by the supreme court. (Peticolas vs. Carpenter, 53 Texas 24.)

Mr. Drake, in section 265, cites authorities from many of the states to the same effect.

In Smith vs. Gettinger (3 Georgia, 140) the question arose upon a motion by the junior judgment creditor to set aside the senior judgment for want of consideration. In that case the court held it competent for a plaintiff in attachment, holding a judgment and attachment lien younger than the judgment and attachment lien of another plaintiff in attachment against the same defendant, to set aside the older lien and judgment upon the ground of fraud or want of consideration for that judgment. And that this could be done in a court of law upon the ground that in cases of fraud, courts of law and equity have concurrent jurisdiction.

It is true that the supreme court of Iowa in the case of Whipple vs. Cass (8 Iowa, 126) held that relief in such cases can be given only in courts of equity, but that case, as Mr. Drake remarks, is inconsistent with the general current of decisions elsewhere.

But even if we were to admit the authority of that decision, we do not think that it would sustain the ruling of the court below in the case before us. With us remedies at law and relief in equity are both administered in the same court. Besides, the petition in this case, although called an intervention, has all the elements of a petition for an injunction. The intervenor sets up the fraudulent character of the plaintiff's attachment and judgment, the levy of his own attachment upon the same property, his own judgment against the defendant, the utter insolvency of both plaintiff and defendant, the sale of the attached property and the deposit of the proceeds in the hands of the clerk. It then prays for an injunction to restrain

the clerk from paying the money to the plaintiff, and proposes to give any bond which the court may require.

If it were necessary to protect the rights of the plaintiff, the court might well have required a bond. As to this intervention, we think that there is error in the judgment for which it should be reversed, and the case remanded.

The petition of the second intervenor, Bryan, was like the first. It sets up similar facts, prayed for an injunction to restrain the clerk from paying over the money to the plaintiff and proffered to give whatever bond the court might require.

In addition to the exceptions which the plaintiff had urged against the first intervention, he excepted to that of Bryan, because the latter had not caused the defendant, Young, to be cited.

As a general rule, an intervenor must give notice to all the parties to the cause, because they are generally interested in whatever claim he may set up. (Sayles and Bassett's Pl. and Pr., 3d ed. sec. 281.) But the defendant, Young, had no interest in these proceedings. No relief was asked against him, and no judgment which might be rendered could affect him.

All three of the contesting creditors had levied attachments upon his property and all had obtained judgments against him. The property had been sold and the money was now in the hands of the court. The only question was about the disposition of the fund. In that question Young had no interest whatever. He is not complaining, and we do not think the plaintiff should be heard to object in his name.

Reversed and remanded.                    Delany, J.